IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LARRY MILLER, | ) |
| | ) |
| and | ) |
| | ) |
| 11th SENATORIAL DISTRICT | ) |
| REPUBLICAN COMMITTEE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:05CV266-HEH |
| | ) |
| MICHAEL BROWN, in his official capacity | ) |
| as Chairman of the Virginia State Board | ) |
| of Elections, | ) |
| | ) |
| BARBARA HILDENBRAND, in her official | ) |
| capacity as Vice-Chairman of the Virginia | ) |
| State Board of Elections, | ) |
| | ) |
| and | ) |
| | ) |
| JEAN R. JENSEN, in her official capacity | ) |
| as Secretary of the Virginia State Board of | ) |
| Elections, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
**(Granting Defendants' Motion for Stay Pending Appeal)**

This matter is before the Court on Defendants' Motion for Stay Pending Appeal. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated below, the Court will grant Defendants' motion.

In a December 1, 2006 order, this Court ordered limited relief based upon the occurrence

of certain predicate events, namely, (1) the incumbent exercising his statutory right to select a state-run primary as a means of re-nomination, (2) there being a second declared candidate required for the primary to occur, and (3) the party objecting to an open primary as a means of choosing its candidate. If these circumstances occur, the Court enjoined Defendants from requiring the 11th Senatorial District Republican Committee to select its nominee for the 2007 election by open primary. Defendants now ask this Court for a stay pending their appeal.

"[A] party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). With this principle in mind, the Court will consider each of the *Long* factors in turn.

While the Court cannot say that Defendants are likely to prevail in their appeal, the Court does recognize that this case raises an issue of first impression. Because the Fourth Circuit may resolve the issue differently, Defendants have at least demonstrated a "substantial case on the merits." *Hilton*, 481 U.S. at 778. A stay may therefore be appropriate if the other factors weigh in Defendants' favor. *Id.*

Before considering the next two factors, the Court will clarify the effect of its December 1, 2006 order, which the parties appear to misconstrue. First, the order does not require the Virginia State Board of Elections to hold closed primaries generally. Second, the order does not prevent the State Board of Elections from holding open primaries, if the party agrees. Section

2

24.2-530 remains in full force and effect in its general application. The order merely enjoins the Board from requiring the 11th Senatorial District Committee to choose its nominee by an open primary under two circumstances, first, if the incumbent exercises his statutory right to a primary, and second, if the party objects to selecting its candidate by open primary.

Because the order does not mandate a closed primary, the extent of the injury is significantly less than what Defendants contend. Nonetheless, Defendants are correct that the injunction does create at least some confusion and uncertainty in the nomination process and may eventually require a legislative change. On the other hand, without the injunction, Plaintiffs may be forced to open their nomination process to all eligible voters, which in this Court's opinion violates their First Amendment right of association under the facts at hand. Upon consideration, it is clear that predicting the injury to each party is largely speculative at this juncture because the Court simply cannot forecast the intentions of the incumbent, the party, the State Board of Elections, or the Virginia legislature.

Finally, the Court must weigh the public interest, which is the determining factor in this case. *See Reynolds v. Sims*, 377 U.S. 533, 585 (1964) ("In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles."). With the 2007 election cycle quickly approaching, a stay pending appeal will mitigate the likelihood of confusion during the nomination process. Further, a stay pending a decision from the Fourth Circuit will give Virginia's General Assembly time to contemplate any remedial legislation it believes to be appropriate and ensure its conformity with both the First Amendment and the Voting Rights Act, without the prospect of modification later by a higher

court decision. A stay will also give the State Board of Elections time to implement new procedures that may be required and to communicate those procedures to the stakeholders in Virginia's political process.

Therefore, upon considering the four *Long* factors and for the reasons stated above, Defendants' Motion for a Stay Pending Appeal will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 16th day of January, 2007.
Richmond, VA